BOARD OF HEALTH OF THE STATE OF NEW JERSEY, RESPONDENT, v. SCHWARZ BROTHERS COMPANY, APPELLANT.

Argued March 6 and 10, 1914—Decided June 15, 1914.

1. A statute is not necessarily void because it contains an unconstitutional feature.

2. Where the main purpose intended to be effected by a statute is constitutional, and the objectionable feature can be exscinded without at all affecting that purpose, the statute is operative except that part which is in conflict with the constitution.

3. The act entitled "An act providing for the licensing, regulation, conduct and operation of slaughter-houses, abattoirs," &c., approved April 12th, 1910, remains a valid act, even though it be conceded that certain provisions contained in section 3 thereof are unconstitutional.

4. The conviction of plaintiff in error for violating certain provisions embraced in the first section of the act affirmed.

On appeal from a judgment of the Supreme Court, whose opinion is reported in 55 *Vroom* 500.

For the appellant, *George L. Record.*

For the respondent, *Josiah Stryker* and *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was originally brought in the First District Court of Jersey City to recover a penalty from Schwarz Brothers Company for a violation of the first section of an act of the legislature, approved April 12th, 1910, and entitled "An act providing for the licensing, regulation, conduct and operation of slaughter-houses, abattoirs, or places where animals are slaughtered for human food in the state of New Jersey, and providing penalties for the violation of the provisions of said act." Judgment having been rendered against the defendant, an appeal was taken to the Supreme Court, and the judgment below there affirmed. From that affirmance the present appeal is taken.

Two reasons for reversing the judgment of the District Court were urged before the Supreme Court. *First,* that the statute did not apply to the operations of the defendant; and *second,* that it was void because repugnant to certain provisions of our state constitution, and also to the commerce provision of the federal constitution. The same reasons are now urged before us, the contention being that the Supreme Court was in error in considering them unsound. We think not, and so far as they are discussed in the opinion of that court, delivered by Mr. Justice Swayze, we are satisfied with

the views there expressed. There was, however, one point made by the defendant both in that court, and here, not referred to by Mr. Justice Swayze, viz., that the statute violates that clause of paragraph 4, section 7, article 4 of the state constitution which declares that "no law shall be revised or amended by reference to its title only, but the act revised or the section or sections amended shall be inserted at length." It is urged that section 3 of the act violates this mandate of the constitution. The section referred to enacts that every person who shall conduct or operate a slaughter-house, abattoir, or place where animals are slaughtered for sale for human food in violation of other provisions of the act, "or of an act entitled 'an act to secure the purity of foods, beverages, confectionery, condiments, drugs, and medicines, and to prevent deception in the distribution and sales thereof,' approved May 20th, 1907," shall, upon conviction, be subject to a penalty of $200. The argument is that, by providing the infliction of a penalty for violations of the act of 1907, the legislature has amended the earlier statute without inserting at length the section or sections thereof amended. Assuming, for the purpose of decision, the soundness of the appellant's contention, this defect in the statute does not lead to a reversal of the judgment. An act is not necessarily void because it contains an unconstitutional feature. Where the main object intended to be effected by it is constitutional, and the objectionable feature can be exscinded without at all affecting that object, it is entirely settled that the statute is operative for all purposes except that in which it comes in conflict with the fundamental law. This rule has been so frequently declared and acted upon by the courts of this state as to be entirely familiar to every practitioner. The cases will be found collated in the New Jersey Digest, under the title of "Statutes," section 1, subsection 4. An examination of the whole body of the act of 1910 makes it plain that after excising the objectionable provision of section 3 there remains a complete intelligent and valid statute capable of being executed, conforming to the main purpose and general intent of the legislature in enacting it; and leaves no doubt that

the law-making body would have passed it with the unconstitutional provision eliminated had that body appreciated its objectionable character.

The conviction of the appellant being for a violation of the first section of the act of 1910, and not for an infraction of any of the provisions of the act of 1907, the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 10.

*For reversal*—None.